IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THE BANK OF NEW YORK MELLON,
as Successor in interest to
JP Morgan Chase Bank National
Association, as Trustee for
C-Bass Mortgage Loan Asset-
Baked Certificates, Series
2005 CB-8, through their loan
servicing agent Ocwen Loan
Servicing, LLC formerly known
as The Bank of New York,

        Plaintiff,

  v.

RICK GREER, EQUITY HOLDING CORP.,
a non-profit California
corporation, as Trustee of the
460 West Berkeley Street Trust,
No. 10043237, Dated 05/24/2010,
OCCUPANTS OF THE PROPERTY AT
458 WEST BERKELEY STREET,
GLADSTONE, OR 97027, OCCUPANTS
OF THE PROPERTY AT 460 WEST
BERKELEY STREET, GLADSTONE, OR
97027,

        Defendants.

3:12-cv-01906-PA

**ORDER**

1 - ORDER

**PANNER, J.**

Plaintiff initiated this judicial foreclosure action in the Clackamas County Circuit Court in Clackamas County, Oregon. Defendant Rick Greer, proceeding pro se, removed this action to federal court on October 23, 2012. Plaintiff moves to remand the case back to state court on the basis that removal was improper. For the reasons discussed below, Plaintiff's motion is GRANTED.

### Legal Standard

A federal district court must remand a removed case to state court "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Generally, removal jurisdiction is coextensive with original diversity or federal question jurisdiction. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). However, state court cases cannot be removed on the basis of diversity if any defendant properly joined and served is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

### Discussion

Plaintiff seeks to remand this action on the basis that there is not complete diversity. Defendants contend that Plaintiff's motion is untimely and that the parties whose presence might destroy diversity are merely nominal and should

not be considered for the purpose of determining diversity. I address each of these issues in turn.

## I. Plaintiff's Motion is Timely

Plaintiff initially moved to remand on November 21, 2012 (#8). That motion was denied by Judge Hubel on December 3, 2012 (#9) for Plaintiff's failure to comply with Local Rule 7.1(a)(1) and Plaintiff was granted leave to renew the motion after complying with local rules. The case was stayed from January 22, 2013 until August 19, 2013 due to Defendant Greer's bankruptcy. Defendants argue that Plaintiff's renewed motion is untimely as it was not filed within thirty days of Judge Hubel's order (#9).

In <u>Bilbruck v. BNSF Ry. Co.</u>, 243 F. App'x 293 (9th Cir. 2007), the Ninth Circuit confronted a similar situation. In that case, as here, the plaintiff filed a timely motion to remand which was denied for failure to comply with local rules. <u>Id.</u> at 294-95. The court held that "Although § 1447(c)'s thirty-day deadline is plainly mandatory, the deadline does not render a timely filed motion to remand untimely simply because the movant is required to amend that motion to comply with a local rule." <u>Id.</u> at 295; <u>see also</u> <u>Evans v. Bantek West, Inc.</u>, 2009 WL 700426 at *2 (E.D. Cal. Mar. 12, 2009)("[C]ourts have held that a district court may consider the merits of a motion to remand when the motion would have been timely but for technical noncompliance with a local rule . . . and the defendant would not suffer

3 - ORDER

prejudice therefrom.").

In this case, it is undisputed that Plaintiff's original motion was timely filed. That motion was denied for failure to comply with a local rule and Plaintiff was given leave to file an amended motion. Although Plaintiff might have filed his renewed motion in the window between the denial and the imposition of the bankruptcy stay, there is nothing to indicate that the delay prejudiced Defendants. Therefore, as in <u>Bilbrick</u>, I find that Plaintiff's renewed motion to remand is timely.

**II. Occupant Defendants are not Nominal Defendants**

Defendants also argue that Defendants Occupants of the Premises 458 West Berkeley Street, Gladstone, OR 97027 and Occupants of the Premises 460 West Berkeley Street, Gladstone, OR 97027 (collectively Occupant Defendants) are merely nominal and should not be considered for the purposes of determining diversity. A nominal defendant "is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute. . . . The paradigmatic nominal defendant is a trustee, agent or depositary who is joined purely as a means of facilitating collection." <u>SEC v. Colello</u>, 139 F.3d 674, 676 (9th Cir. 1998)(internal quotes and citations omitted). "As a nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest." <u>Id.</u> There is no need to establish subject matter jurisdiction over

4 - ORDER

nominal defendants once jurisdiction of the defendant is established. Id.

As Plaintiff points out, the result of this action may cut short Occupant Defendants' right to occupy the disputed premises. I conclude that the Occupant Defendants are therefore real parties in interest. Occupant Defendants citizenship must be considered for the purpose of determining jurisdiction.

### III. There is No Diversity Jurisdiction

Occupant Defendants are Oregon residents. Def.'s Notice of Removal at 4. Occupant Defendants were properly served and joined as defendants. Id. at 3-4. Defendant's notice of removal asserts that this court has removal jurisdiction because "complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Id. at 4. Defendants do not allege another basis for removal and Plaintiff's complaint is not based upon any federal statute. Because Occupant Defendants are citizens of the same state in which the action was brought and Defendants only allege federal jurisdiction on the basis of diversity, Defendants removal of this case was improper under 28 U.S.C. § 1441(b)(2).

## Conclusion

For the foregoing reasons, the case is remanded to the Clackamas County Circuit Court.

IT IS SO ORDERED.

DATED this __8__ day of October, 2013.

*Owen M. Panner* (signature)

OWEN M. PANNER
U.S. DISTRICT JUDGE